# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| EDWIN & NICOLE GONZALEZ § | |
| § | |
| *Plaintiffs,* § | Civil Action No. 4:20-CV-00643 |
| § | Judge Mazzant |
| v. § | |
| § | |
| MERIDIAN SECURITY INSURANCE § | |
| COMPANY, § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Remand. (Dkt. #8). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

Plaintiffs Edwin and Nicole Gonzalez, both citizens of Texas, initially brought this action in the County Court at Law No. 2 of Grayson County, Texas, on April 2, 2019, against Meridian Security Insurance Company ("MSI"), a company with its state of incorporation and principal place of business both in Ohio. In Plaintiffs' original complaint, they asserted only unjust enrichment and included an Exhibit named "Plaintiff's [*sic*] Binding Stipulation" (the "Stipulation"). (Dkt. #2 at p. 25-27). In the Stipulation, Plaintiffs stipulated that "[t]he total sum or value in controversy in this cause of action does not exceed $75,000.00 exclusive of interest and costs." (Dkt. #2 at p. 25).

In the case, Plaintiffs contest the amount paid under the insurance policy issued by MSI after a storm allegedly damaged Plaintiffs' dwelling in Sherman, Texas. Plaintiffs invoked appraisal under the terms of the insurance and requested the state court to appoint an umpire to

oversee the process. (Dkt. #2 at p. 7). The appraisal process was finalized on July 27, 2020, over a year after the suit was filed. (Dkt. #11, Exhibit A). The final appraisal value was determined to be $130,475.16. (Dkt. #11, Exhibit A). After receiving the appraisal amount, on August 13, 2020, MSI tendered a check to Plaintiffs' counsel for $75,000 and requested the suit to be dismissed. (Dkt. #11 at p. 3). On August 13, 2020, Plaintiffs' counsel cashed the check and, on the same day, served a demand letter ("Demand Letter") on MSI demanding payment on the entire award of $130,475.16 along with $7,500 in attorney's fees. (Dkt. #11, Exhibit B at p. 1). On August 25, 2020, MSI filed its Notice of Removal.

## LEGAL STANDARD

"Federal courts are not courts of general jurisdiction" and can adjudicate only those matters "authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). As such, district courts are duty-bound "to ensure the existence of subject matter jurisdiction before reaching the merits of a case." *Small v. Zarvona Energy LLC*, No. CV H-20-1572, 2020 WL 2771188, at *1 (S.D. Tex. May 28, 2020); *see Humphrey v. Tex. Gas Serv.*, No. 1:14-cv-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) ("In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction."). Courts "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential*

*Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, 'the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.'" *Humphrey*, 2014 WL 12687831, at *2 (brackets omitted) (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

Plaintiffs argue this Court should remand because MSI has not carried its burden in establishing that the amount in controversy exceeds $75,000 because the Stipulation is binding, thus depriving this Court of subject matter jurisdiction. (Dkt. #8 ¶¶ 4-7, 13-14). MSI responds claiming removal is appropriate because the Stipulation was filed in bad faith to prevent removal and that the Court has subject matter jurisdiction because the amount in controversy requirement is met. (Dkt. #11 at pp. 3-4). MSI bolsters its argument that the Court has subject matter jurisdiction by explaining the creative accounting method Plaintiffs have used to argue the amount in controversy requirement is not met.[1] The Court will address the Stipulation and Plaintiffs' accounting methods as is relevant to the Motion to Remand.

"A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "If the notice of removal is filed more than 1 year after commencement of

---

[1] (Dkt. #11 at p. 4) ("Plaintiffs also claim that the basis of removal is 'wholly speculative' because Plaintiffs do not seek payment of $137,975.16 [*sic*], but an amount less than $75,000. According to Plaintiffs, since [MSI] already paid $75,000, the true amount in controversy is $56,692.16 (accounting for Plaintiffs' deductible)."); (Dkt. #8 at ¶ 13) ("Specifically, Plaintiff's demand letter seeks "payment of Actual Cash Value (minus any applicable deductible and/or prior payments) plus an additional $7,500 in attorney fees and costs." Actual Cash Value (ACV) is the Replacement Cost Value (RCV) less depreciation. Because there was no depreciation identified in this appraisal award, ACV and RCV can be used interchangeably. Therefore, Plaintiff's demand for payment is calculated as: $130,475.16 (RCV) – $6,283 (one-percent policy deductible) – $75,000 (prior payment) + $7,500 (attorney fees and costs) = $56,692.16. Therefore, there is no inconsistency with Plaintiff's pleadings and Plaintiff's demand, and Defendant cannot support its allegation of bad faith based on Plaintiff's demand.").

the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)." 28 U.S.C. § 1446(c)(3)(B). MSI removed the case on August 25, 2020, a year and four months after Plaintiffs filed the suit on April 4, 2019. The Court, however, does not address the question of bad faith because Plaintiffs have waived any objection to the one-year bar under 28 U.S.C. § 1446(c)(1).

## I. Timeliness of the Removal

As the Fifth Circuit noted in in *Barnes*, it treats the one-year bar in 28 U.S.C § 1446 as a procedural issue, not a jurisdictional issue. *See Barnes v. Westinghouse Electric Corp.*, 962 F.2d 513 (5th Cir. 1992) (interpreting the one-year bar in 28 U.S.C. 1446(b), which is the predecessor statute to the current one-year bar in what is now 28 U.S.C. 1446(c)). In *Barnes*, the Court stated the one-year bar was procedural and thus waivable. *Id*. at 515. Because the one-year bar is procedural and thus waivable, any argument regarding a procedural defect in the removal must be brought within 30 days of the notice of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

Here, MSI filed its Notice of Removal over a year after Plaintiffs filed the suit in state court, but when Plaintiffs filed their Motion to Remand, they failed to seek remand based upon the one-year bar and rather based their argument on the amount in controversy requirement for subject matter jurisdiction. Plaintiffs failed to even mention the one-year bar in their Motion to Remand. As a result of their silence, Plaintiffs have waived any objection to the timeliness of the removal.[2]

---

[2] The Court notes that Plaintiffs used the words "bad faith" in their Motion to Remand three times but never argued that the bad faith requirement under the one-year bar was not met. Because Plaintiffs waived any argument on the one-year bar, the Court declines to analyze the bad faith requirement under 28 U.S.C. § 1446(c).

## II. Subject Matter Jurisdiction

It is undisputed that the parties are diverse for the purposes of diversity jurisdiction.[3] The Court's analysis focuses on the amount in controversy requirement. Plaintiffs' main argument is their binding stipulation deprives the Court of jurisdiction. The stipulation alone, however, does not determine the amount in controversy in this case.

There are courts in the Fifth Circuit that have issued remands based on binding stipulations, but the cases are distinguishable from the case here. In *Williams*, the court was faced with a similar, but distinguishable, situation. *Williams v. Cypress Ins. Co.*, 2019 WL 267921 (W.D. La. Jan. 2, 2019), report and recommendation adopted, 2019 WL 267917 (W.D. La. Jan. 17, 2019). There, the court found it was not facially apparent from the petition that the amount in controversy exceeded $75,000. *Id*. at *4. In reaching its decision that the case should be remanded, the court considered a stipulation the plaintiffs filed in its reply brief renouncing each plaintiff's right to accept a judgment in excess of $75,000. *Id*. Specifically, the court noted "plaintiffs' subsequently filed affidavits and stipulations clarify the ambiguity in their discovery responses, and establish to a legal certainty that at the time of removal the amount in controversy did not, and cannot exceed $ 75,000." *Id*.

The facts here are distinguishable. In *Williams*, the plaintiffs' subsequently filed stipulation resolved the ambiguity. Here, the Stipulation filed at the time of the state court petition would arguably provide some clarity, but Plaintiffs later sent the Demand Letter, which conflicts with the Stipulation and creates the ambiguity. Because Plaintiffs created the ambiguity surrounding the amount in controversy and because the amount in controversy is unclear from the state court

---

[3] Plaintiffs are both citizens of Texas, and MSI is a company with its state of incorporation and principal place of business both in Ohio.

petition, the Court can consider summary judgment type evidence in determining the amount in controversy.

Here, Plaintiffs' state court petition stated the amount in controversy in two separate ways: (1) "The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court and Plaintiff [*sic*] seeks only monetary relief of $100,000 or less and non-monetary relief" (Dkt. #2 at p. 6); and (2) "Plaintiff [*sic*] seeks actual damages in excess of $5,000" (Dkt. #2 at p. 9). Wright and Miller provide clarification where, in cases such as this, the amount in controversy is not clear from the initial pleadings:

> If the original pleading failed to state an amount in controversy, or stated an amount in a confusing or ambiguous manner, the district court may interpret later events as attempts at clarification of the facts existing at the time of commencement or removal. In cases in which it was not "facially apparent" that the plaintiff's claims will exceed the requisite amount in controversy, a substantial number of courts have examined attorney affidavits, stipulations as to damages, and what has been termed summary-judgment-type evidence to help them assess the actual amount in controversy between the parties.

14AA CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3702.4 (4th ed.). Fifth Circuit jurisprudence supports looking to documents outside the pleadings.[4]

Looking to Plaintiffs' state court petition alone provides no clarity as to the amount in controversy. Due to the ambiguity, the Court can look to other summary judgment type evidence including the Stipulation and the Demand Letter in determining the amount in controversy.

---

[4] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal. While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."); *see Canvas Records, Inc. v. Koch Entm't Distribution, LLC*, 2007 WL 1239243, at *3 (S.D. Tex. Apr. 27, 2007) ("The court will therefore look to summary-judgment type evidence relevant to the amount in controversy at the time of removal."); *Daffern v. State Auto Property & Cas. Ins. Co.*, 2011 WL 1085664, *4 (W.D. La. 2011) ("[C]ourts may consider evidence submitted after the time of removal, so long as the amount in controversy at the time of removal was ambiguous and the evidence relates to the amount in controversy at the time of removal."), citing *Gebbia*, 233 F.3d at 883; *Lewis v. Charley Carriers, Inc.*, 2010 WL 1409997, *3 (S.D. Miss. 2010) (court finds amount in controversy at time of removal ambiguous so they consider plaintiff's post-removal affidavit).

Plaintiffs, in what appears to be their attempt to prevent removal, filed the Stipulation at the beginning of the case purporting to limit their recovery to $75,000 or less—conveniently under the amount in controversy requirement for diversity jurisdiction. After receiving the $75,000 check from MSI, Plaintiffs sent a demand letter requesting the total appraisal value ($130,475.16) plus attorney fees and costs ($7,500.00). Plaintiffs offer creative accounting methods to support their assertion that the amount in controversy requirement is not met. The Court does not find Plaintiffs' argument persuasive.

The Court is not limited to looking to the state court complaint or to what Plaintiffs claim is the amount they are seeking; the Court can look to other documents in the record when determining the total amount requested when determining the amount in controversy. "[F]ederal removal jurisdiction is appropriate whenever the entirety of the complaint or some other part of the record indicates that the jurisdictional amount is present notwithstanding the fact that the state court plaintiff's demand is for less than what is requires." 14AA WRIGHT ET AL., *supra*, § 3702.1.[5] Here, the amount requested in the Demand Letter places the total amount requested well over the amount in controversy requirement, thus giving this Court subject matter jurisdiction.

## CONCLUSION

It is therefore **ORDERED** Plaintiffs' Motion for Remand (Dkt. #8) is hereby **DENIED.**
**SIGNED this 18th day of November, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[5] *See also Sam v. Nationwide Property and Cas. Ins. Co.*, 2010 WL 2471905, *4–6 (S.D. Tex. 2010) (even though plaintiff only requested $72,500, court found defendant established by preponderance of evidence that amount in controversy exceeded $75,000 and so denied motion to remand); *Gilman v. Arthur J. Gallagher & Co.*, 2009 WL 5195956, *4 (S.D. Tex. 2009) (court allowed defendant to prove amount in controversy by preponderance of evidence despite fact plaintiff pled less than jurisdictional amount because plaintiffs are not required to plead specific amounts of damages in Texas).