# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

EDWIN & NICOLE GONZALEZ      §
     §
       *Plaintiffs,*      §     Civil Action No.  4:20-CV-00643
     §     Judge Mazzant
v.      §
     §
MERIDIAN    SECURITY    INSURANCE      §
COMPANY,      §
     §
       *Defendant.*      §

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Meridian Security Insurance Company's Motion for Summary Judgment (Dkt. #25).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiffs Edwin and Nicole Gonzalez, both citizens of Texas, initially brought this action in the County Court at Law No. 2 of Grayson County, Texas, on April 2, 2019, against Meridian Security Insurance Company ("Meridian"), a company with its state of incorporation and principal place of business both in Ohio. In Plaintiffs' original complaint, they asserted only unjust enrichment and included an Exhibit named "Plaintiff's [*sic*] Binding Stipulation" (the "Stipulation") (Dkt. #2 at p. 25–27). In the Stipulation, Plaintiffs stipulated that "[t]he total sum or value in controversy in this cause of action does not exceed $75,000.00 exclusive of interest and costs." (Dkt. #2 at p. 25).

Here, Plaintiffs contest the amount paid under the insurance policy issued by Meridian after a storm allegedly damaged Plaintiffs' dwelling in Sherman, Texas. Plaintiffs invoked appraisal

under the terms of the insurance and requested the state court to appoint an umpire to oversee the process (Dkt. #2 at p. 7). The appraisal process was finalized on July 27, 2020, over a year after the suit was filed (Dkt. #11, Exhibit 1). The final appraisal value was determined to be $130,475.16 (Dkt. #11, Exhibit 1). After receiving the appraisal amount, on August 13, 2020, Meridian tendered a check to Plaintiffs' counsel for $75,000 and requested the suit to be dismissed. On August 13, 2020, Plaintiffs' counsel cashed the check and, on the same day, served a demand letter ("Demand Letter") on Meridian demanding payment on the entire award of $130,475.16 along with $7,500 in attorney's fees (Dkt. #11, Exhibit 2 at p. 1). On August 25, 2020, Meridian filed its Notice of Removal.

Following a Motion to Remand (Dkt. #8), which the Court denied (Dkt. #13), Meridian filed this Motion for Summary Judgment on January 28, 2021 (Dkt. #25). Plaintiffs filed their Response on February 22, 2021 (Dkt. #28). Meridian filed its Reply on March 5, 2021 (Dkt. #32).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

### I. Breach of Contract

Meridian brings multiple arguments as to why it is entitled to summary judgment on the breach of contract claims, and the Court will address each in turn. To begin, Meridian claims the appraisal process and payment of the appraisal award forecloses a claim for breach of contract (Dkt. #25). Meridian claims that the dispute revolves around "whether or not Meridian breached the Policy by failing to fulfill its obligations." (Dkt. #25 at p. 5). Meridian's argument hinges on whether the payment amount satisfies its obligations. Plaintiffs counter by stating Meridian did breach the contract by failing to pay the entire appraisal award (Dkt. #28 at p. 4).

#### A. Stipulation

Meridian claims the payment of $75,000 pursuant to Plaintiffs' Stipulation constitutes full payment of the appraisal award (Dkt. #25 at p. 7). Meridian, however, did not pay the amount of the appraisal but rather paid an amount equal to the Stipulation Plaintiffs filed in state court. To support its position that the $75,000 paid prevents a claim for breach of contract, Meridian asserts its affirmative defenses as justification for granting the summary judgment.

##### 1. Accord and Satisfaction

Meridian claims the Stipulation and Plaintiffs' acceptance of the $75,000 acts as an accord and satisfaction (Dkt. #25 at pp. 7–8). Plaintiffs disagree.

Under Texas law, accord and satisfaction is when a new agreement (express or implied) discharges an existing legal obligation. *Hairston v. SMU*, 441 S.W.3d 327, 336 (Tex. App.—Dallas 2013, pet. denied).  The accord references the new contract, while satisfaction is the new contract's performance.  *Honeycutt v. Billingsley*, 992 S.W.2d 570, 576–77 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). Texas courts look to the new contract and consider if:

4

(1) the parties agree to discharge the existing obligation; (2) the parties agree that one party will perform and the other will accept something different from what each expected from the existing obligation; (3) the parties unmistakably communicate that the different performance will discharge the existing obligation; (4) the agreement to discharge the existing obligation is plain, definite, certain, clear, full, explicit, and not susceptible of any other interpretation; and (5) the parties' agreement must be accompanied by acts and declarations that the creditor is "bound to understand."

*Id.* at 577 (citing *Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454, 455 (Tex. 1969)). Importantly, Meridian has the burden to establish the existence of a dispute, and that it unmistakably communicated that the reduced sum would satisfy the underlying obligation. *See Hairston*, 441 S.W.3d at 336.

Here, there is a genuine dispute on accord and satisfaction. Meridian claims that it unmistakably accepted the Plaintiffs' "offer" to extinguish the Policy claim in full. Meridian, however, provides no evidence that it clearly communicated to Plaintiffs that this payment extinguished the Policy provision.

When a party claims that a check is tendered to satisfy an existing claim in full, Texas courts regularly consider whether the check—or an accompanying document—has language to that effect. *See Metromarketing Servs., Inc. v. HTT Headwear, Ltd.*, 15 S.W.3d 190, 197 (Tex. App.—Houston 2000, no pet.); *Steadfast Ins. Co. v. SMX 98, Inc.*, No. CIV.A. H-06-2736, 2009 WL 890398, at *13 (S.D. Tex. Mar. 30, 2009). Here, there is no language on the $75,000 check— or even an accompanying letter—that the check satisfies Plaintiffs' claim. *See* (Dkt. #28, Exhibit 4). Therefore, Meridian cannot contend accord and satisfaction is unmistakably clear.

Other circumstances reinforce this conclusion. For example, although the Stipulation claimed to limit Plaintiffs' recovery to $75,0000, the Stipulation made no reference to the appraisal process or changing existing obligations. This suggests a lack of "unmistakable communication" between the parties about waiving the appraisal provision. *See Hairston*, 441 S.W.3d at 336.

5

Furthermore, although Plaintiffs cashed the $75,000 check, they immediately sent a demand for the remaining appraisal award.  Their conduct does not unambiguously show that an accord and satisfaction was intended.

Meridian fails to establish its burden on summary judgment. It cannot claim there is no genuine dispute to a material fact on the accord and satisfaction issue because it is ambiguous whether the Stipulation replaced the Policy's provision. Consequently, summary judgement on this ground would be inappropriate.

### 2. Novation

Meridian's novation argument must also fail because there is no clear intent that the parties intended the Stipulation to replace the Policy obligations.

Novation is the substitution of a new agreement for a prior obligation.  *Fulcrum Cent. v. AutoTester, Inc.*, 102 S.W.3d 274, 277 (Tex. App.—Dallas 2003, no pet.).  The new agreement discharges the old obligation, and this new agreement is the only obligation that can be enforced.  *Id.*  "A party raising the defense of novation must prove (1) the validity of a previous obligation; (2) an agreement among all parties to accept a new contract; (3) the extinguishment of the previous obligation; and (4) the validity of the new agreement."  *Id.* (citation omitted).

Whether a subsequent agreement replaces the first agreement comes down to the parties' intent.  *Id.*  The parties must clearly intend a novation, and there is no presumption it exists. *Id.* at 278.   If there is no express agreement between the parties, whether the new contract extinguished the old contract is usually a question of fact unless "reasonable minds cannot differ as to [the new contract's] effect."  *Chastain v. Cooper & Reed*, 257 S.W.2d 422, 424 (Tex. 1953).

In the absence of a clear, express agreement, Meridian fails to show how the Stipulation was clearly intended to be a novation. Put simply, there is a genuine dispute on this issue, and thus summary judgment on this ground would be inappropriate.

### 3. Ratification

Meridian also asserts a ratification argument, which also misses the mark because Plaintiffs' actions do not clearly show they intended to extinguish the Policy's appraisal provision.

"Ratification is the adoption or confirmation, by one with knowledge of all material facts, of a prior act which did not then legally bind that person and which that person had the right to repudiate." *City of The Colony v. N. Texas Mun. Water Dist.*, 272 S.W.3d 699, 732 (Tex. App.—Fort Worth 2008, pet. dism'd). Ratification occurs when a party's conduct recognizes that a contract exists. *Id.* This may be determined as a matter of law only if the evidence is not controverted. *Id.* Meridian bears the burden of proof on the ratification issue. *See Rogers v. Propst*, No. 01-14-00114-CV, 2015 WL 1245880, at *4 (Tex. App.—Houston [1st Dist.] Mar. 17, 2015, no pet.).

Meridian's summary-judgement evidence does not conclusively show that Plaintiffs accepted the money with the intent of extinguishing the Policy's appraisal obligations. Because the evidence is controverted, summary judgment on this basis is inappropriate.

### 4. Waiver

Lastly, Meridian's waiver argument fails because Plaintiffs acted consistently with their rights to pursue the full appraisal award. Under Texas law, a party can waive a legal right through intentional conduct inconsistent with that right. *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1025 (5th Cir. 2015) (applying Texas law). Whether a party implicitly waived a legal right turns on the party's intent. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 485 (Tex. 2017).

The Texas Supreme Court has stated that a party's intent "must be clearly demonstrated by the surrounding facts and circumstances." *Id.* Although conduct can establish waiver, "that conduct must be unequivocally inconsistent with claiming a known right." *Van Indep. Sch. Dist. v. McCarty*, 165 S.W.3d 351, 353 (Tex. 2005).

Whether Plaintiffs' conduct was "unequivocally inconsistent" with their legal rights under the Policy is a question of fact for the jury. Although Plaintiffs filed the Stipulation claiming their damages, they never stated in their Original Complaint or Stipulation that they intended to waive their rights under the appraisal provision. In fact, the Original Complaint was filed to initiate the appraisal process. In sum, Plaintiffs' intent to waive their legal rights is not unequivocally clear from the record. Therefore, Meridian's argument is not proper for summary judgment. *See McCarty*, 165 S.W.3d at 353.

## II. Extra-Contractual Claims

Meridian also asks the Court to dismiss Plaintiffs' extra-contractual claims. It argues that "[o]nce it is established Plaintiffs have no viable claim for breach of contract, all of their extra-contractual claims must be dismissed as a matter of law" because Plaintiffs' extra-contractual claims are contingent upon proving a breach of contract claim (Dkt. #25 at p. 9). Because the Court does not find summary judgment is appropriate as discussed above, Meridian's argument on the extra-contractual claims also fails. The parties' conduct does not conclusively show the Stipulation was intended to replace the Policy's appraisal provision. Therefore, Meridian's argument on extra-contractual claims is inappropriate as well. *See* (Dkt. # 25 at pp. 9–11); *USAA Tex. Lloyds Co v. Menchaca*, 545 S.W.2d 479, 490–91 (Tex. 2018).

### III. TPPCA Claim – Statute of Limitations

Finally, Meridian argues the Texas Prompt Payment of Claims Act ("TPPCA") claims should be barred by statute of limitations. Meridian claims Plaintiffs failed to timely file this cause of action because they did not assert it until their Amended Complaint—more than two years after Plaintiffs' cause of loss *or* Meridian's partial acceptance of Plaintiffs' claim.

The TPPCA does not provide a specific statute of limitations period.  *Hendrix v. Hartford Life Ins. Co.*, No. 3:12-CV-2643-M, 2013 WL 979285, at *2 (N.D. Tex. Mar. 13, 2013). However, Meridian argues Plaintiffs are barred from bringing a claim because a Policy endorsement limits the amount of time when a hail and wind claim can be brought (Dkt. #25 at p. 12).  Alternatively, Meridian argues the TPPCA is an extra-contractual, tort-like claim, which Texas law usually imposes a two-year limit on (Dkt. #25 at p. 12).

Because the TPPCA is silent on this issue—and Meridian's arguments are unavailing—the Court refuses to read in a two-year statute of limitations requirement when typical Texas contract law imposes a four-year statute of limitations. Plaintiffs amended the TPPCA claim within this period, so the claim is not barred.

#### A. Policy Provisions

Meridian correctly states that an endorsement to the Policy limits Plaintiffs' ability to bring a hail and wind insurance claim to within two years and one day of loss. *See* (Dkt. #28, Exhibit 5 at p. 32). But it only applies to a "catastrophe area" as defined under the Texas Insurance Code. *See* (Dkt. #28, Exhibit 5 at p. 32).  Under the Insurance Code, a catastrophe area is a "municipality, a part of a municipality, a county, or a part of a county designated by the [Commissioner of Insurance] under Section 2210.005." Tex. Ins. Code § 2210.003(3). In other words, the Commissioner of Insurance must make a designation of some kind to trigger the Policy's

endorsement. *See id.*; (Dkt. #28, Exhibit 5 at p. 32). However, Meridian provides no evidence that that occurred here. Therefore, it cannot invoke this endorsement to bar Plaintiffs' claim.

The Policy does have a generally applicable "Suits Against Us" provision (Dkt. #28, Exhibit 5 at p. 56).  The provision provides in part that no action can be brought against Meridian unless (1) all terms of Section I of the Policy are met, and (2) "the action is started within two years after the date of loss" (Dkt. #28, Exhibit 5 at p. 56).

The provision, however, is void under the Civil Practice and Remedies Code Section 16.070(a). Tex. Civ. Prac. & Rem. Code. § 16.070(a). Section 16.070(a) provides that a party cannot enter into an agreement that "purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years." *Id.* If an agreement does, however, it is void under state law. *Id.* Therefore, the "Suits Against Us" provision cannot be shorter than two years.  *See Spicewood Summit Off. Condominiums Ass'n, Inc. v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 465 (Tex. App.—Austin 2009, pet. denied).

*Spicewood Summit* examined a similar contractual provision in an insurance policy and determined that Section 16.070(a) establishes a "two-year minimum for the 'limitations period,' which by its general meaning has as its beginning point the accrual of a cause of action." *Id.* As a result, a contractual limitation—like the "Suits Against Us" provision—"cannot end until after two years after the day the cause of action for breach of the agreement has *accrued*."  *Id.* (emphasis added).  The cause of action accrues when the plaintiff has suffered an injury and can maintain a suit.  *Id.* at 464 (citations omitted).

Turning to an analogous insurance policy provision, the court found Section 16.070(a) voided the policy.  *Id.* at 465.  This is because the provision had "the practical effect of providing a period in which to file suit that is less than two years." *Id.* at 466. The policy in *Spicewood*

*Summit* set out numerous conditions that had to be fulfilled, including providing the insurer notice of the property damage and giving them fifteen days to begin an investigation. *See id.* at 466. This, along with other provisions, effectively limited the breach of contract claim to less than two years because a plaintiff could not claim damages if the insurer never made a policy decision. *See id.* at 465–66.

Applied here, the "Suits Against Us" provision has a similar effect. The Policy requires that Plaintiffs abide by a litany of duties, including giving prompt notice of loss, sending a proof of loss within sixty days, and conducting an appraisal in the event of disagreement on loss. *See* (Dkt. # 28, Exhibit 5 at pp. 53–56). By mandating that Plaintiffs abide by the provisions in Section I, their ability to bring their claims is constrained to a time period less than two years— which is contrary to the Section 16.070(a). *See Spicewood Summit,* 287 S.W.3d at 466. As a result, Plaintiffs would effectively be barred from bringing a cause of action within two years of the cause of action accruing. *See Douskos v. Eden Park Ins. Co.*, No. CIV.A.A-01-CV-192JRN, 2001 WL 699092, at *2 (W.D. Tex. June 15, 2001) ("This issue turns on the construction of the phrase 'within 2 years' and whether it constitutes a period shorter than two years . . . Applying Texas law, the limitation provision relied on by the Defendant is void and the four-year statute of limitation applies to Plaintiff's contract claims."); *see also Spicewood Summit Off. Condominiums Ass'n, Inc. v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 467–68 (Tex. App.—Austin 2009, pet. denied).

Therefore, the correct Policy provision *also* does not bar Plaintiffs' TPPCA claim.

**B. A Four-Year Statute of Limitations Period is Proper Under TPPCA**

Meridian alternatively suggest—without citing any case law—the TPPCA should be read to have a two-year statute of limitations because it is a tort-like, extra-contractual claim.

However, the applicable statute of limitations should be four years—which is in line with Texas law for contractual claims. *See* Tex. Civ. Prac. & Rem. Code § 16.051.

Federal courts disagree whether a two-year, or a four-year statute of limitations applies for claims under the TPPCA/Chapter 542. *See Hookham v. Penn-Am. Ins. Co.*, No. 6:16-CV-316-RP-JCM, 2016 WL 8674387, at *3–4 (W.D. Tex. Nov. 22, 2016), *report and recommendation adopted*, No. 6:16-CV-316 RP, 2016 WL 8674065 (W.D. Tex. Dec. 14, 2016); *Hendrix v. Hartford Life Ins. Co.,* No. 3:12-CV-2643-M, 2013 WL 979285, at *2 (N.D. Tex. Mar. 13, 2013) (explaining the conflict).

In *Ericsson v. St. Paul Fire & Marine Ins. Co*, the Northern District of Texas held that Article 21.55 (a precursor to Chapter 542) required a two-year statute of limitations because another provision in Article 21 provided that all actions in the Article would be governed by a two-year statute of limitations. 423 F. Supp. 2d 587, 590–91 (N.D. Tex. 2006). There, the court followed two other cases from the Norther District that found Article 21.21 of the Texas Insurance Code provided the two-year statute of limitation for all actions brought under Article 21 despite Article 21.55 not specifically providing a statute of limitations. *See Id*. (citing Tex. Ins. Code. Ann. Art. 21.21 § 16(d); *repealed by* Acts 2003, 78th Leg., ch. 1274, § 26(b)(1), eff. April 1, 2005).

Meanwhile, in *Rx.com, Inc. v. Hartford Fire Ins. Co.*, a court in the Southern District of Texas found a four-year statute of limitations applied for Article 21.55 (a precursor for Chapter 542). 426 F. Supp. 2d 546, 563–64 (S.D. Tex. 2006). There, the court found that "[t]he plain words of this limitations provision limit it to Article 21.21 claims, by referring only to 'this Article,' (Article 21.21), and by specifically referring to the causes of action stipulated in Article 21.21— 'the unfair method of competition or unfair or deceptive act or practice.'" *Id*. at 564. The court found that "Article 21.55 [(a precursor for Chapter 542)], on the other hand, is a contract-based

12

remedy for an insurer's failure to pay a claim promptly." *Id*. Further, the court noted that "Article 21.55, unlike Article 21.21, includes no specific statute of limitations period[]" and that "[t]he legislature's silence with respect to Article 21.55's limitations period is significant." *Id*.

More recently, the court in *Hookahm v. Penn-America Insurance Co.*, in the Western District of Texas found a four-year statute of limitations applied for Chapter 542. *See Hookham,* 2016 WL 8674387, at *4 (W.D. Tex. Nov. 22, 2016), *report and recommendation adopted*, No. 6:16-CV-316 RP, 2016 WL 8674065 (W.D. Tex. Dec. 14, 2016). In *Hookham*, the court noted that in Chapter 541 of the Texas Insurance Code, "the legislature states, '[a] person must bring an action *under this chapter* before the second anniversary . . . .'" *Id*. (quoting Tex. Ins. Code. § 541.162 (2009) (emphasis added)). Reading the statute as a whole and by looking at the plain and common meaning of the statute's words, the court determined "[t]he legislature's use of 'under this chapter' expresses intent that the limitations provision only applies to Chapter 541" and that applying the two-year statutes of limitations to Chapter 542 "would contradict the clear and unambiguous language of the Texas Legislature." *Id*. Because the TPPCA—and Article 21.55, a precursor to Chapter 542—is silent as to a statute of limitations, and the statute provides a contract-based remedy, the court believed a four-year statute of limitations was applicable. *See Hookham* 2016 WL 8674387, at *4; *Rx.com, Inc.*, 426 F. Supp. 2d at 563–64.

The court in *Hookham* goes on to find that because Chapter 542 does not contain a statute of limitations, the court must construe the statute "in light of the entire act, its object, and its consequences." *Hookham*, 2016 WL 8674387, at *4 (first citing *Jones v. Fowler*, 969 S.W.2d 429, 432–33 (Tex. 1998); then citing *Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex. 1991)). The *Hookham* court found that "Chapter 542 creates a contract-based remedy for an insurer's failure to pay a claim promptly." *Id*. (citing *Rx.com, Inc.*, 426 F. Supp. 2d at 564). The court further

13

reasoned that "the legislature enacted Chapter 542 with full knowledge of the default four-year statute of limitations for contract-based claims in [Texas Civil Practice and Remedies Code] § 16.004." *Id*. Finding no language in Chapter 542 that would alter the default four-year statute of limitations, the court concluded the legislators intended to apply the four-year statute of limitations to Chapter 542. *Id*.

The reasoning in *Hookham* and *Rx.com, Inc.*, is more persuasive. Despite including a statute of limitations in the previous chapter (Chapter 541), the Texas Legislature did not do so for Chapter 542. *See* Tex. Ins. Code. § 541.162 (2009); *Hookham*, 2016 WL 8674387, at *4 (noting that Texas Insurance Code § 541.162 sets a two year statute of limitations for actions brought under that chapter but that the TPPCA in Chapter 542 of the Texas Insurance Code does not have a provision setting the statute of limitations for claims brought under Chapter 542). Through this legislative silence, it is reasonable to conclude the legislature did not intend to limit the TPPCA in this way. *Hookham*, 2016 WL 8674387, at *4.

Moreover, the other extra-contractual claims Meridian cites have two-year statute of limitations explicitly imposed. *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 573 (W.D. Tex. 2019) (discussing Texas law claims for bad faith, Chapter 541 of the Texas Insurance Code, and the Texas Deceptive Trade Practices Act and citing *the relevant statutory provisions* that explicitly state time limitations). Again, that is not the case here.  Lastly, the TPPCA provides a contract-based remedy directly relating to the contract, suggesting that a four-year statute of limitations is appropriate. *See Hookham*, 2016 WL 8674387, at *4.  Therefore, the Court decisions in *Hookham* and *Rx.com, Inc*., are more persuasive.

Because the relevant statute of limitations is four years, Plaintiffs' claims are still viable. The Court denies summary judgement on this issue.

14

## CONCLUSION

It is therefore **ORDERED** Meridian's Motion for Summary Judgment (Dkt. #25) is hereby **DENIED.**

**SIGNED this 28th day of July, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE